# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2010

No. 09-40351
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOSEA LINWOOD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1173-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hosea Linwood appeals his conviction for one count of possessing with intent to distribute in excess of 1,000 kilograms of marijuana. Linwood was stopped at an immigration checkpoint on Interstate 35 near Laredo, Texas. An inspection of a trailer he was pulling revealed sealed bundles containing a total of 1,450 kilograms of marijuana. The evidence showed that the contraband had a value of at least $420,000.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Linwood challenges the sufficiency of the evidence. He contends that the Government did not provide sufficient proof that he knowingly possessed the marijuana concealed in the trailer.

We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The evidence, both direct and circumstantial, is viewed "in the light most favorable to the jury verdict," and "[a]ll credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995).

In some cases, the knowledge element in a possession case can be inferred from control of the vehicle in which the drugs are found. *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). However, where, as in this case, the drugs are concealed, control alone is not sufficient to prove knowledge. *See id.*; *United States v. Garza*, 990 F.2d 171, 174 & n.10 (5th Cir. 1993). Because the drugs were hidden in the trailer, the Government is required "to have produced further evidence of knowledge." *Pennington*, 20 F.3d at 598.

The Government contends that the evidence of Linwood's guilty knowledge includes his ownership of the trailer, his possession of keys that opened the trailer, the false bill of lading, and the lack of a driver's log. False bills of lading were considered evidence of the defendant truck driver's guilty knowledge in *Garza*, 990 F.2d at 175, as well as in *United States v. Garcia-Flores*, 246 F.3d 451, 454-55 (5th Cir. 2000). The evidence adduced at trial in this matter showed that the company listed as the sender on the bill of lading, CBC Logistics, did not exist in Laredo, Texas. The address given on the bill of lading for CBC Logistics in Laredo corresponded to the location of a company known as Salazar Forwarding, but testimony showed that Linwood's trailer was not loaded at the Salazar Forwarding facility. The bill of lading also listed an incorrect address

for the recipient of the shipment, and it did not provide contact information for the recipient.

The jury therefore was confronted with a defendant who had a key to a trailer that hauled 1,450 kilograms of marijuana pursuant to a bill of lading that had several discrepancies or omissions. Similar factors were cited as evidence of guilt in *United States v. Gonzalez-Lira*, 936 F.2d 184, 192 (5th Cir. 1991), a case also involving drugs hidden in a trailer. This court concluded in *Gonzalez-Lira* that there was "little question" that the evidence was sufficient where the defendant, who had keys to the trailer and was an experienced trucker, "owned and drove a truck which hauled a trailer loaded with one and a half tons of marijuana" and "claimed not to have noticed the flaws in the bill of lading." *Id.*

The Government also argues that the value and quantity of the load of marijuana being transported by Linwood is evidence of his guilt. As discussed above, the marijuana found in Linwood's trailer had a value of at least $420,000. In *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003), where the defendant was transporting "more than 600 pounds" of marijuana conservatively valued at more than $300,000, this court stated that "[t]he jury could reasonably have inferred that Villarreal would not have been entrusted with that extremely valuable cargo if he was not part of the trafficking scheme." Thus, the quantity and value of the contraband provide additional evidence of Linwood's guilt. *See id.*

The judgment of the district court is AFFIRMED.